**TO: Clerk's Office**
 **UNITED STATES DISTRICT COURT**
 **EASTERN DISTRICT OF NEW YORK**
_____

 APPLICATION FOR LEAVE
 TO FILE DOCUMENT UNDER SEAL



*******************************

**A) If pursuant to a prior Court Order**:
Docket Number of Case in Which Entered:_____
Judge/Magistrate Judge:_____
Date Entered:_____

_____
Docket Number

*******************************

SUBMITTED BY: Plaintiff____ Defendant____ DOJ ____
Name:_____
Firm Name:_____
Address:_____
_____
Phone Number:_____
E-Mail Address:_____

INDICATE UPON THE PUBLIC DOCKET SHEET: YES_____ NO_____
**If yes, state description of document to be entered on docket sheet:**
_____
_____

_____

**B) If a <u>new</u> application,** the statute, regulation, or other legal basis that authorizes filing under seal

_____
_____
_____

**ORDERED SEALED AND PLACED IN THE CLERK'S OFFICE, AND MAY <u>NOT</u> BE UNSEALED UNLESS ORDERED BY THE COURT.**

DATED:_____, NEW YORK
_____*Lois Bloom*_____

**U.S. MAGISTRATE JUDGE**

RECEIVED IN CLERK'S OFFICE_____
                                            DATE

**MANDATORY CERTIFICATION OF SERVICE**:
**A.)** ___ A copy of this application either has been or will be promptly served upon all parties to this action, **B.)** ___ Service is excused by 31 U.S.C. 3730(b), or by the following other statute or regulation:_____; or **C.)** ____This is a criminal document submitted, and flight public safety, or security are significant concerns. (Check one)

_____        ___*Olatokunbo Olaniyan*___
       DATE                              SIGNATURE

RTP:OO
F. #2020R01118

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - -X

| | |
|---|---|
| UNITED STATES OF AMERICA | <u>AFFIDAVIT AND COMPLAINT IN SUPPORT OF AN APPLICATION FOR AN ARREST WARRANT</u> |
| - against - | |
| STEVEN LABIANCA, | (18 U.S.C. § 2251(a)) |
| Defendant. | 22-MJ-386 |

- - - - - - - - - - - - - - - - - - - - - - - - - - - -X

EASTERN DISTRICT OF NEW YORK, SS:

MICHAEL BUSCEMI, being duly sworn, deposes and states that he is a Special Agent of the Federal Bureau of Investigation, duly appointed according to law and acting as such.

In or about and between April 2017 and February 2021, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant STEVEN LABIANCA did knowingly and intentionally employ, use, persuade, induce, entice and coerce a minor to engage in sexually explicit conduct for the purpose of producing one or more visual depictions of such conduct, knowing and having reason to know that such visual depictions would be transported and transmitted using any means and facility of interstate and foreign commerce and which would be in and affecting interstate and foreign commerce, which visual depictions were produced and transmitted using materials that had been mailed, shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, and which visual depictions were

actually transported and transmitted using a means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce.

(Title 18, United States Code, Section 2251(a))

The source of your deponent's information and the grounds for his belief are as follows:[1]

1. I am a Special Agent with the Federal Bureau of Investigation ("FBI"), and I have been in that role since 2015. I am assigned to the FBI's Child Exploitation and Human Trafficking Task Force, which investigates individuals suspected of being involved in the receipt, distribution, possession and production of child pornography, and sex trafficking, among other offenses. Based on my training and experience, I am familiar with the laws regarding sexual offenses and how sexual offenses are commonly committed. I have gained expertise in how to conduct sex crimes investigations through, among other things, training I have received in seminars and classes, and my daily work in relation to these types of investigations. During these investigations, I have executed, or participated in the execution of, numerous search warrants involving electronic devices. I have also received training regarding computer technology and the way electronic devices are used to further criminal activity, including sex offenses. As part of my responsibilities, I have reviewed thousands of images depicting minors (persons less than eighteen years of age) being sexually exploited by adults. Through my training and experience in these

---

[1] Because the purpose of this Complaint is to set forth only those facts necessary to establish probable cause to arrest, I have not described all the relevant facts and circumstances of which I am aware.

investigations, I have become familiar with methods of determining whether an individual is a minor.

2. I am familiar with the facts and circumstances set forth below from my own participation in the investigation, my review of the investigative file, and from my conversations with, and review of reports made by, other law enforcement officers involved in the investigation.

## DEFINITIONS

3. For the purposes of this complaint, the following terms have the indicated meaning herein:

a. "Child Pornography," as used herein, includes the definition in 18 U.S.C. § 2256(8) (any visual depiction of sexually explicit conduct where (a) the production of the visual depiction involved the use of a minor engaged in sexually explicit conduct, (b) the visual depiction is a digital image, computer image, or computer-generated image that is, or is indistinguishable from, that of a minor engaged in sexually explicit conduct, or (c) the visual depiction has been created, adapted, or modified to appear that an identifiable minor is engaged in sexually explicit conduct), as well as any visual depiction, the production of which involves the use of a minor engaged in sexually explicit conduct (see 18 U.S.C. §§ 2252 and 2256(2)).

b. "Child Erotica," as used herein, means materials and items that are sexually arousing to persons having a sexual interest in minors but that are not, in and of themselves, obscene and that do not necessarily depict minors in sexually explicit poses or positions.

c. "Internet Protocol address" or "IP address" refers to a unique number used by a computer to access the Internet. IP addresses can be dynamic, meaning that the Internet Service Provider (ISP) assigns a different unique number to a computer every time it accesses the Internet. IP addresses can also be static, meaning an ISP assigns a computer a particular IP address that is used each time the computer accesses the Internet. "Domain name" is a name that identifies an IP address.

## PROBABLE CAUSE

4. On or about October 2, 2020, FBI agents based in New York received information from the Office for Combating Cybercrime, Cyprus Police HQ ("Cyprus Authorities") that an individual who identified himself as "Steve" from New York was utilizing a Skype account with the account name "Original Geek" ("ACCOUNT-1") and an Instagram account with the account name "haulsropefasterr" ("ACCOUNT-2") to communicate with and persuade minors to produce and send him sexually explicit images and videos.

5. I have obtained evidence that shows that the defendant STEVEN LABIANCA ("LABIANCA") is the user of ACCOUNT-1 and ACCOUNT-2. Specifically, in May 2020, Jane Doe 1, whose identity is known to me, told Cyprus Authorities that she communicated online with an individual named "Steve" from New York. According to Jane Doe 1, Steve used ACCOUNT-1 and ACCOUNT-2 to ask Jane Doe 1, when she was between the ages of 15 and 17, to send him pictures and videos of Jane Doe 1 while she was naked and engaging in sexual activities. Jane Doe 1 provided a screenshot of her communications with Steve, and a photograph of Steve.

6. Based on my review of subscriber information for ACCOUNT-1, I have learned, in substance and in part, that ACCOUNT-1 was registered with the account name "Original Geek" and username "haulsropefasterr." ACCOUNT-1 also lists the email address "haulsropefasterr@aim.com" as its registered email address. I have also learned, in substance and in part, that ACCOUNT-2 was registered from IP address 72.69.230.28 (the "IP Address") on November 7, 2016. Subscriber information for the IP Address indicates that the IP Address is registered in LABIANCA's name and is associated with an address in Brooklyn, New York (the "Residence") where LABIANCA resides. ACCOUNT-2 also lists the email address "haulsropefasterr@aim.com" as its registered email address.

7. On November 19, 2020, I went to the Residence. I knocked on the door and spoke with a man that resides at the Residence. I was able to identify the individual that I spoke with as the same individual depicted in the photograph of Steve that Jane Doe 1 provided to law enforcement. Having reviewed a photograph of Steve provided by Jane Doe 1 and having met the defendant STEVEN LABIANCA in person, I believe that LABIANCA is the individual Jane Doe 1 knows as Steve. Further, DMV records, including a photograph and address information corroborate that the individual I spoke with at the Residence is LABIANCA.

8. On or about December 9, 2020, the Honorable Roanne L. Mann, United States Magistrate Judge for the Eastern District of New York, issued a warrant authorizing the search of ACCOUNT-1 (the "December 2020 Warrant") for any and all information related to violations of Title 18, United States Code, Sections 2251(a), 2252A(a)(2), 2252A(a)(5) and 2242(b) (the "Subject Offenses") for the time period January 1, 2016 through January 1, 2019. See Docket No. 20-MJ-481 (under seal).

9. On or about February 12, 2021, the Honorable Lois Bloom, United States Magistrate Judge for the Eastern District of New York, issued a warrant authorizing the search of ACCOUNT-1 (the "February 2021 Warrant") for any and all information related to violations of the Subject Offenses for the time period January 1, 2019 through the date of the warrant.  See Docket No. 21-MJ-189 (under seal).

10. Based on the records obtained pursuant to the judicially authorized December 2020 and February 2021 Warrants, I believe that the defendant STEVEN LABIANCA communicated via online chat messages with at least eight minors, all of whom appear to have been between the ages of 13 and 17.  In these chats, LABIANCA directed the minors to take sexually explicit videos and pictures of themselves, including visual depictions of the minors masturbating.  Based on a review of the materials, the minor individuals sent LABIANCA numerous photographic images and videos of themselves containing child exploitative material as well as child erotica.

11. For example, in or about and between August 2017 and January 2019, both dates being approximate and inclusive, the defendant STEVEN LABIANCA communicated via Skype with Jane Doe 1, who was 16 to 17 years old at the time and resided outside of the United States.  Initially, LABIANCA groomed Jane Doe 1, discussing topics such as her school schedule and Harry Potter.  The conversation gradually escalated, and LABIANCA told Jane Doe 1, in substance and relevant part, "i want to either see you live with a girl on camera, have you find a girl for a skype 3way or just find a girl to give me as a present who will also do what i tell her."  On or about November 21, 2017, Jane Doe 1 sent LABIANCA a sexually explicit video and LABIANCA responded, in substance and in part, "why is that so hot" and "im surprised you kept your panties on."  On or about

November 26, 2017, LABIANCA asked Jane Doe 1 "why is there still not a new version of that vid?" Thereafter on or about November 27, 2017, Jane Doe 1 sent LABIANCA a sexually explicit video, in which she is nude from the bottom half of her breasts and below and vaginally masturbating with a foreign object.

12. Similarly, in or about April 2017, the defendant STEVEN LABIANCA communicated via Skype with Jane Doe 2, who appears to be between the ages of 13 and 15 years old. During that conversation, LABIANCA said the following, in substance and relevant part: "wish I could lick and suck on those perfect nipples," "I want to taste you. I wish I coluld [sic] see the source of that wetness," "take some more teasy pics all around it," "i want to see that ass," and "now we just have to figure out when I can get you on cam." Based on my training and experience, I know that persons who collect and maintain child sexual abuse material use the word "cam" to refer to visual depictions of child pornography on camera. During that conversation, Jane Doe 2 sent LABIANCA a photograph of herself laying on a bed, nude from the waist up with her breast exposed, and a hand over her genitals. Shortly thereafter, on April 23, 2017, Jane Doe 2 sent LABIANCA another photograph via Skype of herself laying on a bed, and nude from the waist up with her breast exposed. Several days later, after Jane Doe 2 explained that she was doing homework for school, LABIANCA initiated a video call via Skype with Jane Doe 2. LABIANCA then instructed Jane Doe 2 via Skype to "bend over…bring your legs closer but keep your arms n the drawers…even closer and spread your legs wider…wider…reach underneath and rub."

13. On or about May 8, 2020, the defendant STEVEN LABIANCA communicated via Skype with Jane Doe 3, who I have identified as a 15-year-old girl at the time of the communication. LABIANCA repeatedly engaged in sexually explicit

communications with Jane Doe 3, and made sexual comments and requests to Jane Doe 3, such as: "your feet look soft. I would probably ask for a footjob in person," "have i mentioned you have great tits? i want to pinch and bite them myself" and "your body is just made for fucking." On several occasions, LABIANCA also instructed Jane Doe 3 to produce and send LABIANCA nude images and video. For example, on or about May 8, 2020, LABIANCA gave Jane Doe 3 the following directions: "[N]ow i just kinda wanna see more poses of you in this skirt and those legs or maybe even get you on cam and have you sit cross legged or crawl around or bend over while i stare at you." In addition, on other occasions LABIANCA sent Jane Doe 3 requests such as, "be a good little slave and take 5 more pictures to help me cum" and "go to the bathroom and make a short video of you pinching your nipples really hard and tonight when youre home you can make one with the whip." In response, on May 10, 2020, Jane Doe 3 sent LABIANCA a video file depicting herself holding a cellular telephone that is covering her face while she lifts her shirt, exposing her bare breast, and rubbing her nipples with her left hand.

    14. On or about May 11, 2020, as part of a highly sexual conversation, the defendant STEVEN LABIANCA said to Jane Doe 3 in substance, "last time i [masturbated] i was imagining what [another person] said about your thighs wrapped around her head. and her eating you our [sic] making you squirm while i kept moving back and forth between fucking her from behind and having you suck me off." Later the same day, LABIANCA asked Jane Doe 3 to "turn your cam on and bend over... and then let me know if theres any other poses you want to show off." Thereafter, Jane Doe 3 sent LABIANCA a photograph of herself, in which she is nude and bent over with her genitals and anus exposed (the "Photograph"). LABIANCA then sent the Photograph to another Skype user.

15. Accordingly, I respectfully submit that there is probable cause to believe that the defendant STEVEN LABIANCA used Skype to persuade minors, including but not limited to Jane Doe 1, Jane Doe 2 and Jane Doe 3, to create sexually explicit visual depictions of themselves and to send LABIANCA these visual depictions via Skype.

16. It is respectfully requested that this Court issue an order sealing, until further order of the Court, all papers submitted in support of this application, including the Application and Arrest Warrant, as disclosure would give the target of the investigation an opportunity to destroy evidence, harm or threaten witnesses, change patterns of behavior, and flee from or evade prosecution and therefore have a significant and negative impact on the continuing investigation and may severely jeopardize its effectiveness.

WHEREFORE, your deponent respectfully requests an arrest warrant for the defendant STEVEN LABIANCA so that he may be dealt with according to law.

_____
MICHAEL BUSCEMI
Special Agent
Federal Bureau of Investigation

Sworn to before me by telephone this
4th day of April, 2022

_____
THE HONORABLE LOIS BLOOM
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK

# UNITED STATES DISTRICT COURT
for the

Eastern District of New York

| United States of America | ) |
|---|---|
| v. | ) |
| Steven Labianca | ) Case No. 22-mj-386 |
| | ) |
| | ) |
| | ) |
| *Defendant* | ) |

## ARREST WARRANT

To: Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay

*(name of person to be arrested)* Steven Labianca,
who is accused of an offense or violation based on the following document filed with the court:

❑ Indictment   ❑ Superseding Indictment   ❑ Information   ❑ Superseding Information   ☑ Complaint
❑ Probation Violation Petition   ❑ Supervised Release Violation Petition   ❑ Violation Notice   ❑ Order of the Court

This offense is briefly described as follows:

Title 18, United States Code, Section 2251(a)

Date: 04/04/2022

*Lois Bloom*

*Issuing officer's signature*

City and state: Brooklyn, New York         Honorable Lois Bloom, U.S.M.J.

*Printed name and title*

---

**Return**

This warrant was received on *(date)* _____, and the person was arrested on *(date)* _____
at *(city and state)* _____.

Date: _____

*Arresting officer's signature*

*Printed name and title*

AO 442 (Rev. 11/11) Arrest Warrant (Page 2)

**This second page contains personal identifiers provided for law-enforcement use only and therefore should not be filed in court with the executed warrant unless under seal.**

*(Not for Public Disclosure)*

Name of defendant/offender: _____
Known aliases: _____
Last known residence: _____
Prior addresses to which defendant/offender may still have ties: _____
_____

Last known employment: _____
Last known telephone numbers: _____
Place of birth: _____
Date of birth: _____
Social Security number: _____
Height: _____  Weight: _____
Sex: _____  Race: _____
Hair: _____  Eyes: _____
Scars, tattoos, other distinguishing marks: _____
_____
_____

History of violence, weapons, drug use: _____
_____

Known family, friends, and other associates *(name, relation, address, phone number)*: _____
_____

FBI number: _____
Complete description of auto: _____
_____

Investigative agency and address: _____
_____

Name and telephone numbers (office and cell) of pretrial services or probation officer *(if applicable)*: _____
_____

Date of last contact with pretrial services or probation officer *(if applicable)*: _____
_____
_____

[Print]  [Save As...]  [Reset]